UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHEN YI GUO,

                              Petitioner,

          v.                              09 Civ. 3023 (PGG)

JANET NAPOLITANO, Secretary,
Department of Homeland Security,                MEMORANDUM OPINION
ERIC HOLDER, U.S. Attorney General,             AND ORDER
Department of Justice,
JOHN P. TORRES, Acting Assistant
Secretary, U.S. Immigration & Customs
Enforcement,
JAMES HAYES, JR. Director,
ICE Office of Detention and Removal,

                              Respondents.

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioner Zhen Yi Guo ("Guo") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, et. seq., challenging his detention by the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, this Court does not have jurisdiction over Guo's petition, and this action will be transferred to the United States District Court for the Middle District of Pennsylvania. Because this Court lacks jurisdiction, it cannot and does not reach the merits of Guo's claims. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999) (explaining that "[w]ithout jurisdiction the court cannot proceed at all in any cause") (quotations omitted).

## BACKGROUND

        Guo is a native and citizen of the People's Republic of China. (Resp. Ex. B) On February 27, 1991, the former Immigration and Naturalization Service served Guo with a notice

of hearing before an Immigration Judge. (Resp. Ex. A) The notice alleged that Guo was not "clearly . . . entitled" to enter the United States because he was not in possession of valid immigration documents and because he "appear[ed] to have willfully misrepresented a material fact in order to gain admission into the United States." (Id.) On January 6, 1992, Guo was ordered deported from the United States. (Resp. Exs. B, E) Guo appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"), but the BIA dismissed his appeal on January 12, 1994.[1] (Resp. Exs. C, E)

On March 6, 2009, Guo was taken into custody at York County Prison in York, Pennsylvania. (Resp. Ex. D) On March 13, 2009, the Field Office Director of ICE requested travel documents for Guo from the Chinese Consulate in New York, stating that Guo would be scheduled for departure from the United States upon receipt of those documents. (Resp. Ex. E) On March 27, 2009, while still detained in York County Prison, Guo filed this habeas corpus petition. (Pet. ¶ 1) On April 9, 2009, Guo was transferred to the Clinton County Correctional Facility in McElhattan, Pennsylvania, where he is currently detained. (Resp. Ex. D; Resp. Br. 2)

## DISCUSSION

Guo claims that he has been detained longer than the 90-day removal period provided for in Title 8, United States Code, Section 1231(a), and that his continued detention violates his Due Process rights.[2] (Pet. ¶¶ 13-28) Respondents contend, however, that this Court

---

[1] Respondents contend that Guo remained in the United States illegally after he was ordered deported. (Resp. Br. 2)

[2] Title 8, United States Code, Section 1231(a) states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that detaining such an alien longer than six months is presumptively unreasonable:

lacks jurisdiction over Guo's petition because (1) he was detained in York County Prison in York, Pennsylvania when he filed his petition, and (2) jurisdiction over the challenge to his detention therefore lies only in the United States District Court for the Middle District of Pennsylvania. This Court agrees with Respondents that it is without jurisdiction to hear this case.

I.   **The Reasoning of Rumsfeld v. Padilla**

As the Supreme Court noted in Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004), the question of whether a court has jurisdiction over a habeas petition "breaks down into two related subquestions. First, who is the proper respondent to that petition? And second, does [the court] have jurisdiction over him or her?" See also Liu v. Napolitano, No. 09 Civ. 1560 (BSJ) Order dated April 14, 2009 (quoting Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004)); Nken v. Napolitano, 607 F. Supp. 2d 149, 153 (D.D.C. 2009). As to the first question, Guo argues that the proper respondents are the Attorney General and the Secretary of the Department of

---

> After [a] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Guo alleges that his continued confinement is unlawful because the removal period expired on July 11, 1994 – six months after the removal order became administratively final. (Pet. ¶¶ 15-18, 27) Respondents contend that the six month period of detention deemed presumptively reasonable in Zadvydas does not begin to run until the alien is actually detained, and that – as of June 12, 2009 – Guo had been detained for only three months. (Resp. Br. 7) This Court does not reach this issue because it lacks jurisdiction to consider Guo's petition.

Homeland Security[3] (Pet. Reply Br. 1), while Respondents contend "that the only proper respondent . . . is the warden of York County Prison, located in York, Pennsylvania, where [Guo] was detained at the time he filed his habeas petition." (Resp. Br. 1 n.1)

In Rumsfeld v. Padilla, 542 U.S. 426 (2004), the Supreme Court considered a habeas petition filed by an alleged al Qaeda member who was detained as an "enemy combatant" in a Navy brig in Charleston, South Carolina. Padilla's detention in Charleston resulted from an order of the President to Defense Secretary Rumsfeld designating Padilla as an enemy combatant and directing that he be detained in military custody. 524 U.S. at 431-32. Padilla then filed a habeas petition in the Southern District of New York under 28 U.S.C. § 2241, naming as respondents the President, Secretary Rumsfeld, and Commander Melanie Marr, the brig's commander. The Government moved to dismiss, arguing that (1) Commander Marr was the only proper respondent, because she was Padilla's immediate custodian, and (2) the court lacked jurisdiction because Commander Marr was located outside the Southern District. Id. at 432. The Supreme Court held that because Commander Marr was Padilla's custodian she was the only proper respondent to Padilla's habeas petition, and that the Southern District had no jurisdiction over her because she was located outside the District. Id. at 442, 451.

In reaching this result, the Court began its analysis by noting that the "federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "'the person who has custody over [the petitioner],'" id. at 434 quoting 28 U.S.C. § 2242, and that the "consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." Id. at 434. Quoting with

---

[3] In his brief, Guo does not contend that the other named defendants – John P. Torres, Acting Assistant Secretary, U.S. Immigration & Customs Enforcement, and James Hayes, Jr., Director, ICE Office of Detention and Removal – are proper respondents.

4

approval Wales v. Whitney, 114 U.S. 564, 574 (1885), the Court further stated that the habeas statute "'contemplates a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary. Id. at 435 quoting Wales v. Whitney, 114 U.S. 564, 574 (1885) (emphasis in Padilla). In accord with the "immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id.

The Court, however, "left open the question of whether the Attorney General is a proper respondent to a habeas petition filed by an alien pending deportation." Id. at 435 n.8. In declining to resolve this issue – which was not raised in Padilla – the Court noted that "lower courts have divided on this question, with the majority applying the immediate custodian rule and holding that the Attorney General is not a proper respondent." Id. While the Supreme Court left open the question of whether the Attorney General and other "remote supervisory official[s]," id. at 435, are proper respondents in a habeas petition filed by an alien pending deportation who is challenging his "present physical confinement" – i.e., raising a "core challenge" – the reasoning of Padilla appears to give strong support to the majority view, which this Court adopts in this action. See Nken, 607 F. Supp. 2d at 155 ("Supreme Court precedent strongly suggests that application of the immediate custodian rule to habeas petitions by detained aliens is appropriate").

5

**II.    The Immediate Custodian Rule Applies to a Habeas Petition Brought by a Detained Alien Awaiting Deportation Who Challenges His Confinement**

As an initial matter, Guo "concede[s] that [his] petition for [a] writ of habeas corpus is a core habeas action" (Pet. Reply. Br. 1), because he is challenging only his present physical confinement and "not challeng[ing] the underlying immigration decision." Shehnaz v. Ashcroft, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004); see also Deng v. Garcia, 352 F. Supp. 2d 373, 375 (E.D.N.Y. 2005) (explaining that Padilla "articulated a bright-line rule governing . . . 'core habeas petitions' – those challenging the present physical confinement of the petitioner"). Accordingly, the Padilla Court's statements concerning proper respondents in the context of "core challenges" must be carefully weighed.

In Padilla, the Supreme Court reaffirmed that "in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435 (collecting cases). The Court reached this result based on the "straightforward[]" language of the habeas statute "provid[ing] that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Padilla, 542 U.S. at 434 quoting 28 U.S.C. § 2242). The Court further noted that"[t]he [habeas statute's] consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." Padilla, 542 U.S. at 434. The Court then reaffirmed that the proper respondent is the person with the power to produce the body of the prisoner. Padilla, 542 U.S. at 435 (internal quotation omitted):

> In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent. If the "legal control" test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a

6

>§ 2241 petition. As the statutory language, established practice,
>and our precedent demonstrate, that is not the case.

Id. at 439-40. Application of this reasoning here indicates that the proper respondent to Guo's petition is the person who had the power to produce Guo when he filed his petition – i.e., the warden of York County Prison.

A clear majority of district courts sitting in this Circuit have applied the immediate custodian rule to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation. See, e.g., Liu v. Napolitano, No. 09 Civ. 1560 (BSJ) (S.D.N.Y. April 14, 2009); Jagat v. United States, No. 08 Civ. 1106, 2008 WL 4538981, at *2 (D. Conn. Oct. 8, 2008) (noting that the majority of lower courts have applied the immediate custodian rule to core habeas petitions filed by incarcerated aliens); Catellanos v. Mukasey, No. 08 Civ. 2583, 2008 WL 4185700, at *3 (E.D.N.Y. Sept. 8, 2008) (applying immediate custodian rule to core habeas petition filed by detained alien); Deng, 352 F. Supp. 2d at 376 (same); Drakoulis v. Ashcroft, 356 F. Supp. 2d 367, 370-71 (S.D.N.Y. 2005) (same); Shehnaz v. Ashcroft, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004); see also Nken, 607 F. Supp. 2d at 158 ("[N]o principled distinction exists between habeas actions brought by a prisoner and those brought by a detained alien).

Guo argues, however, that Farez-Espinoza v. Chertoff, 600 F. Supp.2d 488 (S.D.N.Y. 2009), indicates that "[i]n an immigration core habeas action, the proper respondents are the Attorney General and the Secretary of [the] Department of Homeland Security." (Pet. Reply Br. 1-2) As explained below, this Court does not find the reasoning of Farez-Espinoza persuasive.

In Farez-Espinoza, the petitioner was the natural-born daughter of a man who was married to a naturalized United States citizen for more than twenty years. See 600 F. Supp.2d at

7

491. Petitioner was served with a notice of removal on the day she entered the United States and appeared before an immigration court a few months later. See id. at 490-91. The petitioner alleged that she did not appear for her subsequent removal hearing because her attorney never told her about the hearing; she also claimed that she never received an Order of Removal (and only learned of this Order after her incarceration). See id. at 491-92. Although the Government was aware of petitioner's whereabouts at all relevant times, she was taken into custody only two-and-a-half years later, after an arrest for not paying a $2.00 subway fare. See id. at 492. Petitioner filed a habeas petition challenging her physical custody and seeking release so that she could be fingerprinted as part of her application to adjust her immigration status. See id. However, Farez-Espinoza's petition was not filed with the Clerk of the Court until two days after her scheduled appointment for fingerprinting. See id. at 492. Based on this factual record, the Farez-Espinoza court ruled that the Attorney General and the Secretary of the Department of Homeland Security were proper respondents; granted petitioner's application for a writ of habeas corpus; and ordered petitioner released from custody. See id. at 495, 503.

In concluding that these officials were properly named respondents, the Farez-Espinoza court primarily relied on the Second Circuit's decision in Henderson v. I.N.S., 157 F.3d 106 (2d Cir. 1998). In Henderson, however – like Padilla – the Court declined to decide whether the Attorney General is the proper respondent for habeas petitions filed by aliens who are incarcerated pending deportation. See Henderson, 157 F.3d at 128. After listing arguments for and against the naming of the Attorney General as a respondent, the Court explained:

> In the end, the question of whether the Attorney General is an appropriate respondent in habeas corpus petitions brought by aliens is one that evokes powerful arguments on each side – both at the doctrinal and at the practical level. Accordingly, its resolution should be avoided unless and until it is manifestly needed to decide a real case in controversy.

8

Id.

Moreover, although Henderson – issued six years before Padilla – discusses at length the Attorney General's role as the "legal custodian" of detained aliens awaiting deportation, Henderson, 157 F.3d at 125-26, this language – even if it were not dicta – would be of doubtful force after Padilla. The Padilla Court's reaffirmation of the immediate custodian rule and rejection of Padilla's "legal control" argument undermines much of the reasoning the Henderson Court relied upon in presenting arguments suggesting that the Attorney General might be a proper respondent.

In addition to Henderson, the Farez-Espinoza court cited four district court cases in support of its holding that the "Attorney General is a proper respondent in immigration cases where the petitioner challenges her detention under the immigration laws." 600 F. Supp. 2d at 494-95. These cases are distinguishable, however, because the incarcerated aliens in these cases either sought a stay of deportation or an adjustment in their immigration status and thus were not challenging their current physical detention. See Somir v. United States, 354 F. Supp. 2d 215, 215-218 (E.D.N.Y. 2005) ("Taken together, these factors lead me to conclude that the Attorney General is a proper respondent for petitions filed by aliens who are in detention and are challenging the government's claim that they should be removed from this country."); Batista-Taveras v. Ashcroft, No. 03 Civ. 1968 (LAK), 2004 WL 2149095, at *2 (S.D.N.Y. Sept. 23, 2004) (explaining that the habeas petition "sought a stay of deportation [sic] pending determination of the appeal to the BIA"); Garcia-Rivas v. Ashcroft, No. 04 Civ. 292 (NRB), 2004 WL 1534156, at *1 (S.D.N.Y. Jul. 7, 2004) (explaining that petitioner alleged "that he was illegally denied consideration for discretionary relief from deportation and waiver of inadmissibility pursuant to Sections 212(c) and (h) of the Immigration and Nationality Act. . .

."); Bell v. Ashcroft, 03 Civ. 0766 (HB), 2003 WL 22358800, at *1 (S.D.N.Y. Oct. 15, 2003) (explaining that petitioner "seeks a hearing for a discretionary waiver of deportation pursuant to the former § 212(c) of the Immigration and Nationalization Act").  In sum, Farez-Espinoza and the cases it relies on do not persuade this Court that the Attorney General and the Secretary of the Department of Homeland Security are properly named respondents in this action.

### III. This Court Does Not Have Jurisdiction Over the Warden of York County Prison

Having determined that the warden of York County Prison is the proper respondent, this Court must consider the second question posed in Padilla:  does the Court have jurisdiction over the proper respondent?  Padilla, 542 U.S. at 434.  The federal habeas statute states that a "writ[] of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions."  28 U.S.C. § 2241(a).  The Supreme Court has interpreted this language to "confirm[] the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."  Padilla, 542 U.S. at 443.

Because Guo's petition is a core habeas petition, it can only be brought in the district of confinement.  Guo was in custody at York County Prison in York, Pennsylvania when he filed his habeas petition.  (Pet. ¶ 1)  Accordingly, jurisdiction lies only in the United States District Court for the Middle District of Pennsylvania.[4]

"When a civil action is filed in a district court that lacks jurisdiction, that court 'shall, if it is in the interest of justice transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed.'"  Shehnaz v. Ashcroft,

---

[4] While the warden of the facility in which an alien is incarcerated at the time of his petition is the proper respondent, Deng, 352 F. Supp. 2d at 376, the current facility housing Guo – Clinton County Correctional Facility in McElhattan, Pennsylvania – is also located in the Middle District of Pennsylvania.

10

2004 WL 2378371, at *4 quoting 28 U.S.C. § 1631. "Courts have consistently found it in the interest of justice to transfer habeas petitions when jurisdiction is lacking." Id. citing Roman v. Ashcroft, 340 F.3d. 314, 329 (6th Cir. 2003) and Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996). Accordingly, this action will be transferred to the Middle District of Pennsylvania.

## CONCLUSION

For the reasons set forth above, this action is transferred to the United States District Court for the Middle District of Pennsylvania.

The Clerk of the Court is directed to transfer the action and to close this case.

Dated:      New York, New York
            September 2, 2009

SO ORDERED.

_Paul R. Gardephe_
Paul G. Gardephe
United States District Judge